IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**Le'Keian Woods**,

    Plaintiff,

**Josue Garriga**, in his individual capacity;

**Hunter Sullivan**, in his individual capacity;

**Trey McCullough**, in his individual capacity;

**Beau Daigle**, in his individual capacity

    Defendants.

Civil Action File No.
3:24-cv-01123

_____/

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Le'Keian Woods (hereinafter "Plaintiff"), by and through the undersigned attorneys, and hereby files this Complaint against Josue Garriga, in his individual capacity, Hunter Sullivan, in his individual capacity, Trey McCullough, in his individual capacity, and Beau Daigle, in his individual capacity. The Plaintiff alleged the following:

INTRODUCTION

On September 29, 2023, Le'Keian Woods, a 24-year-old black male, was savagely beaten by Jacksonville Sheriff's Office ("JSO") officers Josue Garriga ("Defendant Garriga"), Hunter Sullivan ("Defendant Sullivan"), and Trey McCullough ("Defendant McCullough") after a traffic stop. Mr. Woods was struck multiple times in his head and face by Defendants Garriga, Sullivan, and McCullough after he was tased by Defendant Sullivan.



*Le'Keian Woods' mugshot on 9/23/24*

2

Plaintiff brings federal constitutional claims against the Defendants, in their individual capacity, for committing acts under color of law that deprived the Plaintiff of his rights under the Constitution.

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' claims under the U.S. Constitution, which are brought both directly and under 42 U.S.C. § 1983.

2.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

## PARTIES

3.

At all times relevant hereto, Plaintiff Le'Keian Woods resides in the State of Florida and are citizens of the United States of America.

4.

At all times relevant hereto, Defendant Josue Garriga was a citizen of the United States and a resident of the State of Florida and was acting under color of

3

state law in his capacity as a law enforcement officer employed by the JSO. Defendant Garriga is sued in his individual capacity.

5.

At all times relevant hereto, Defendant Hunter Sullivan was a citizen of the United States and a resident of the State of Florida and was acting under color of state law in his capacity as a law enforcement officer employed by the JSO. Defendant Sullivan is sued in his individual capacity.

6.

At all times relevant hereto, Defendant Trey McCullough was a citizen of the United States and a resident of the State of Florida and was acting under color of state law in his capacity as a law enforcement officer employed by the JSO. Defendant McCullough is sued in his individual capacity.

7.

At all times relevant hereto, Defendant Beau Daigle was a citizen of the United States and a resident of the State of Florida and was acting under color of state law in his capacity as a law enforcement officer employed by the JSO. Defendant Daigle is sued in his individual capacity.

## FACTUAL ALLEGATIONS

*Events That Occurred on September 29, 2023*

8.

On September 29, 2023, approximately at 2:09 p.m., Defendants Daigle and Sullivan conducted a traffic stop on a vehicle in which Mr. Woods was a passenger in.

9.

The stop was allegedly based on the driver of the vehicle failing to wear his seatbelt.

10.

Defendant Daigle and Defendant Sullivan initiated a felony/high-risk traffic stop on the vehicle despite the fact of lacking arguable probable cause that a felony had been committed by any of the occupants in the vehicle.

11.

Defendant Daigle and Defendant Sullivan drew their firearms and demanded the occupants to exit the vehicle at gunpoint despite of only having probable cause to stop the vehicle because the driver failed to don his seat belt. Notably, failure to wear a seatbelt in the State of Florida is only an infraction which is not an arrestable offense and carry a fine of thirty (30) dollars.

12.

Subsequently, and out of fear of being shot, Mr. Woods fled from the scene of the traffic stop. Defendant Sullivan chased after Mr. Woods and eventually tasered Mr. Woods in the back. As a result of being tased, Mr. Woods fell to the ground. As a result of falling to the ground and striking his bottom lip and jawline on the pavement, Mr. Woods was momentary rendered unconscious.

13.

While on the ground Defendant Sullivan struck a dazed and disorienting Mr. Woods several time in his head. Additionally, Defendant Garriga struck Mr. Woods multiple times in his head and kneed Mr. Woods several times in his head. Notably, Defendant Garriga acknowledge that his knee strikes to Mr. Woods' head were accidentally. Additionally, Defendant McCullough elbowed Mr. Woods in the face multiple times.

14.

After Mr. Woods was in handcuffed, Defendant McCullough slammed Mr. Woods face first into the ground causing more injuries to Mr. Woods' head and face.



*Defendant McCullough slamming a handcuffed Mr. Woods face first into the ground*.

15.

At the time of the beating by Defendants Garriga, Sullivan, and McCullough, Mr. Woods was not armed with a weapon, nor did he pose an imminent threat to the Defendants officers or the public. Mr. Woods was not reaching for a weapon in his waistband. Mr. Woods' waistband was in plain sight of all of the Defendants officers who assaulted him.

16.

Mr. Woods suffered a close head injury, swelling to his eyes and face, nerve damage, ruptured kidney, and impairment to the vision of his left eye.

17.

Mr. Woods' injuries include but are not limited to, loss of constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of all these Defendants.

18.

Mr. Woods' also continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from his assault.

19.

Mr. Woods is still under the care of medical physician because he long lasting injuries.

20.

Mr. Gadson is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their willful, malicious, wanton, reckless, and fraudulent conduct.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment
(Against All Defendants)

21.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 20 of this Complaint

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

22.

The Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

23.

The Defendants at all times relevant hereto were acting under the color of state law in their capacities as a Deputy/ Officer for JSO and their acts or omissions were conducted within the scope of his official duties or employment.

24.

At the time of the complained of events, Mr. Woods had a clearly established constitutional right under the Fourth to be secure in hisperson from unreasonable seizure through excessive force.

25.

Mr. Woods also had the clearly established Constitutional right under the Fourth and to bodily integrity and to be free from excessive force by law enforcement.

26.

Any reasonable JSO Deputy/Officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

27.

The Defendants actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendments rights of Mr. Woods.

28.

The Defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Woods' federally protected rights. The force used by the Defendants shocks the conscience and violated the Fourth Amendment right of Mr. Woods.

29.

The Defendants unlawfully seized Mr. Woods by means of objectively unreasonable, excessive and conscious shocking physical force.

30.

The force used by Defendant Garriga of kneeing the Mr. Woods in his head several times constitute as deadly force pursuant to clearly establish law for the United States Eleventh Circuit Court of Appeals.

31.

Defendant Garriga did so with shocking and willful indifference to Mr. Woods' rights and with conscious awareness that it could cause Mr. Woods serious bodily harm or death.

32.

The Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Wood's federally protected constitutional rights.

33.

The Defendants did so with shocking and willful indifference to Mr. Wood's rights and with conscious awareness that it could cause Mr. Woods serious bodily harm or death.

34.

The acts or omissions of the Defendants were the moving forces behind Mr. Woods' injuries. The acts or omissions of the Defendants as described herein intentionally deprived Mr. Woods of his constitutional rights and caused him other damages. The Defendants are not entitled to qualified immunity for their actions.

35.

As a proximate result of the Defendants' unlawful conduct, Mr. Woods was seriously. As a further result of the Defendants' unlawful conduct, Mr. Woods has incurred special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

36.

On information and belief, Mr. Woods suffered lost future earnings not yet fully ascertained sequelae of his death, in amounts to be ascertained in trial. Mr. Woods is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre- judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

37.

In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against each of the individually named Defendant under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Mr. Woods.

38.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages in excess of $100,000.00;
2. Judgment for exemplary or punitive damages;
3. Cost of suit;
4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;
5. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment
### (Against Defendant Daigle and Defendant Sullivan)

39.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 20 of this Complaint

40.

Defendant Daigle and Defendant Sullivan used excessive force by holding Mr. Woods and the other occupants at gunpoint for a seatbelt violation.

41.

Any reasonable JSO Deputy/Officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established atthat time.

42.

Defendant Daigle and Defendant Sullivan's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment right of Mr. Woods

43.

Defendant Daigle and Defendant Sullivan's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Woods' federally protected rights. The force used by Defendant Daigle and Defendant Sullivan shocks the conscience and violated Fourth Amendments rights of Mr. Woods.

44.

In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against each of the individually named Defendant under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Mr. Woods.

45.

WHEREFORE, Plaintiffs prays for the following relief:

6. Judgment for compensatory damages in excess of $100,000.00;

7. Judgment for exemplary or punitive damages;

8. Cost of suit;

9. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

10. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

THIRD CLAIM FOR RELIEF
42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment
(Against Defendant Sullivan)

46.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 20 of this Complaint

47.

Defendant Sullivan used excessive force by slamming Mr. Woods' face into the ground while Mr. Woods was handcuffed cause significant injuries to the Plaintiff.

48.

Any reasonable JSO Deputy/Officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established atthat time.

49.

Defendant Sullivan's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting him and violated the Fourth Amendment right of Mr. Woods

50.

Defendant Sullivan's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Woods' federally protected rights. The force used by Defendant Sullivan shocks the conscience and violated Fourth Amendments rights of Mr. Woods.

51.

In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against each of the individually named Defendant under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Mr. Woods.

52.

WHEREFORE, Plaintiffs prays for the following relief:

11. Judgment for compensatory damages in excess of $100,000.00;

12. Judgment for exemplary or punitive damages;

13. Cost of suit;

14. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

15. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain andsuffering on all claims allowed by law in an amount in excess of $100,000.00

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against individualDefendants and in an amount in excess of $100,000.00

E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G. any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date: October 31, 2024.

Respectfully submitted,

/s/ Norman Harris
Norman Harris, Esquire
Florida Bar No. 0077474

Champions for Justice Law, LLC
100 S Ashley Dr., Suite 600
Tampa, Florida 33602
Tel.: (813) 449-4295
nharris@cfjlaw.com

/s/ Harry M. Daniels<br>Harry M. Daniels

Law Offices of Harry M. Daniels, LLC
4751 Best Road, Suite 490
Atlanta, GA 30337
(Tel) 678-664-8529
(Fax) 800-867-5248
daniels@harrymdaniels.com

*Pending Approval of Special Admission of a Non-Resident Lawyer*

/s/John L. Burris<br>John L. Burris

Burris Nisenbaum Curry & Lacy
7677 Oakport St # 1120
Oakland, CA 94621
Tel. 510.839.5200
john.burris@johnburrislaw.com

*Pending Approval of Special Admission of a Non-Resident Lawyer*